

## Sâiber
ATTORNEYS AT LAW

**Monvan Hu**
**(973) 232-0607**
**mhu@saiber.com**

June 8, 2018

**BY FEDERAL EXPRESS**
Clerk of the District Court, District of New Jersey
**Martin Luther King, Jr. Federal Building**
**& U.S. Courthouse**
Clerk's Office
50 Walnut Street
Newark, New Jersey 07101

Re:   *Juul Labs, Inc. v. HugeTrunk.com, et al.*
       **Civil Action No. 18-10281 (ES) (SCM)**

Dear Clerk:

Our firm, along with our co-counsel Sterne, Kessler, Goldstein & Fox, P.L.L.C., represents Plaintiff Juul Labs, Inc. ("Juul") in this matter.

Because the above case is currently under seal, we have been instructed by the Court to submit all filings by hard copy, with an electronic copy on a disc. Pursuant to those instructions, enclosed for filing **under seal** are two (2) paper copies and one (1) electronic copy on a disc of Juul's Supplemental Brief in Support of its *Ex Parte* Motion for a Temporary Restraining Order and a Preliminary Injunction.

Please file the original and return a stamped "filed" copy to me in the enclosed postage prepaid envelope. Thank you very much.

Very truly yours,

Monvan Hu

/mh
Enclosures

Saiber LLC · 18 Columbia Turnpike · Suite 200 · Florham Park, New Jersey · 07932 · Tel 973.622.3333 · Fax 973.622.3349 · www.saiber.com

Florham Park   ·   Newark   ·   New York

**FILED UNDER SEAL**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUUL LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HUGETRUNK.COM LOVEANDTRUST, COMMUNITY DISCOUNT STORE INC., SIAM DISCOUNT STORE LLC, FARHAN ABUSIAM, NAJEH SIAM, HAMZA SIYAM, SAMUEL SIAM, and JOHN DOES 1 – 50, <br><br> Defendants. | Civil Action No.: 18-10281 (ES) (SCM) <br><br> **Honorable Esther Salas** <br><br><br> **FILED UNDER SEAL** |

**PLAINTIFF JUUL LABS, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Arnold B. Calmann (abc@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
SAIBER LLC
One Gateway Center
10th Floor, Suite 1000
Newark, New Jersey 07102
Tel.: 973.622.3333
Fax: 973.286.2465

Dennies Varughese, Pharm.D. (dvarughe@sternekessler.com)
Robert G. Sterne (rsterne@sternekessler.com)
Monica Riva Talley (mtalley@sternekessler.com)
Nirav N. Desai (ndesai@sternekessler.com)
Jean Paul Y. Nagashima (ynagashima@sternekessler.com)
Joshua I. Miller (jmiller@sternekessler.com)
STERNE KESSLER GOLDSTEIN & FOX, PLLC
1100 New York Ave., NW, Suite 600
Washington, D.C. 20005
Tel.: 202.371.2600
Fax: 202.371.2540
*Attorneys for Plaintiff*
*Juul Labs, Inc.*

**FILED UNDER SEAL**

**TABLE OF CONTENTS**

Introduction ............................................................................................................................. 1

Argument ................................................................................................................................ 2

Conclusion .............................................................................................................................. 5

**FILED UNDER SEAL**

# TABLE OF AUTHORITIES

Cases

*Axelrod v. Heyburn*,
  No. 09-05627, 2010 WL 1816245, at *3 (D.N.J. May 3, 2010) .................................................. 2

*Chanel, Inc. v. Matos*,
  133 F. Supp. 3d 678 (D.N.J. 2015) ............................................................................................ 3

*Cosmetic Warriors Ltd. v. Nailush LLC*,
  No. 17-01475, 2017 WL 5157390 (D.N.J. Nov. 6, 2017) ......................................................... 2

*Louis Vuitton Malletier, S.A. v. Mosseri*,
  No. 07-2620, 2009 WL 3633882 (D.N.J. Oct. 28, 2009) .......................................................... 4

*Vuitton v. White*,
  945 F.2d 569 (3d Cir. 1991) .................................................................................................. 1, 3

Statutes

15 U.S.C. § 1116(d) .................................................................................................................. 1, 3

15 U.S.C. § 1117(b)-(c) ................................................................................................................ 4

N.J.S.A. 56:3-13.16 ....................................................................................................................... 1

**FILED UNDER SEAL**

**INTRODUCTION**

Plaintiff Juul Labs, Inc. ("Juul") respectfully requests the Court to enter an *ex parte* seizure order allowing Juul to seize any and all counterfeit JUUL vaporizers, pods, and Starter Kits ("Counterfeit JUUL Products") found in the possession of any of the named Defendants in this matter.[1] Such an order is required in order to (1) determine whether each named Defendant is involved in the counterfeiting operation described in the Verified Complaint, (2) avoid any defendant transferring or destroying key evidence of their counterfeiting and potentially bringing more of it to market, and (3) ensure that the public is protected from incurring any harm or injury arising out of the counterfeit vaporized nicotine products, which, upon information and belief, have not been approved by the FDA or otherwise tested for safety.[2]

For the reasons set forth in Juul's Verified Complaint and in Juul's Brief in Support of *Ex Parte* Motion for Temporary Asset Restraining Order and Preliminary Injunction ("Op. Br."), a seizure prior to giving notice of the lawsuit is necessary to remove counterfeit products from the marketplace and protect the interests of Juul and the public. "Experience in hundreds of cases has shown that it is extremely likely that a counterfeiter, upon being appraised of the institution of a lawsuit by the trademark owner, will conceal his infringing merchandise and either destroy or conceal all records relating to this merchandise, thereby frustrating implementation of the trademark owner's statutory and common law rights." *Vuitton v. White*, 945 F.2d 569, 571 (3d Cir. 1991) ("White"). The seizure will only impact those Defendants unlawfully in possession of

---

[1] During the June 7, 2018 hearing before the Honorable Esther Salas, U.S.D.J. regarding Juul's application Juul's *Ex Parte* Motion for Temporary Asset Restraint Order and Preliminary Injunction, counsel requested an order for the *ex parte* seizure of any Counterfeit JUUL Products in possession of the named Defendants in this matter. The Court, in response, directed Plaintiff Juul to submit this supplemental brief in support of that application.

[2] Correlatively, entry of the requested Order would protect against irreparable injury to Juul's good will and reputation that could arise from the sale of Defendants' products that are potentially harmful to the public.

FILED UNDER SEAL

counterfeit goods; it will have no impact on those who are not.

## ARGUMENT

For the reasons that follow, Juul respectfully submits that it has demonstrated it satisfies all of the requirements for an *ex parte* seizure order. A seizure order is a form of injunction. *See generally Vuitton,* 945 F.2d at 571. There is, therefore, substantial overlap between the standard injunction test and the requirements for seizure. To obtain a seizure order,[3] Juul must: (1) provide the security determined by the Court; and show that (2) any order other than an *ex parte* seizure order is inadequate; (3) it has not publicized the requested seizure; (4) it is likely to succeed in showing that the accused products are counterfeit; (5) an immediate and irreparable injury will occur if the seizure is not ordered; (6) the matter seized will likely be located at the place identified; (7) the harm to Juul from the denial of an application outweighs the harm to Defendants; and (8) the Defendants would likely destroy, move, hide, or otherwise make inaccessible to the Court the products to be seized. 15 U.S.C. § 1116(d)(3)-(4); N.J.S.A. 56:3-13.16.[4]

*First,* the Court stated during the hearing on the underlying motion that it would require a $10,000 bond from Juul. Juul's revised Order to Show Cause includes such a requirement. *See* Order to Show Cause, ¶ R. Juul thus meets this first prong.

---

[3] An applicant is also required to provide notice to the U.S. Attorney's office under § 1116(d)(2). Juul's Counsel represents that Juul has provided verbal notice to the U.S. Attorney's office pursuant to § 1116(d)(2) and is working with an Assistant U.S. Attorney to provide confidential copies of Juul's filings. If the Court so directs, Counsel will immediately prepare and submit a Declaration attesting to those efforts.

[4] New Jersey state law claims for counterfeit are "so similar to federal standards that courts consider them together for purpose of evaluating liability." *Cosmetic Warriors Ltd. v. Nailush LLC,* No. 17-01475, 2017 WL 5157390, at *3 (D.N.J. Nov. 6, 2017) *citing Axelrod v. Heyburn,* No. 09-05627, 2010 WL 1816245, at *3 (D.N.J. May 3, 2010). Accordingly, Juul addresses only the Federal provisions for seizure here.

2

**FILED UNDER SEAL**

*Second*, an *ex parte* seizure order is required to ensure adequate resolution of this case. The requested seizure eliminates the risk of Defendants destroying, moving, or otherwise hiding the Counterfeit JUUL Products. *See White*, 945 F.2d at 575 (observing that "ex parte seizures … a necessary tool to thwart the bad faith efforts of fly by night defendants to evade the jurisdiction of the court.") (citations omitted). Further, as shown in Juul's Opening Brief, the harm to Juul's and the public's interest without seizure is significant because consumers are highly likely to mistakenly believe that the Counterfeit JUUL Products originate from Juul. *See, e.g.*, Op. Br. at 20-22. Seizure ensures that this risk is resolved by removing the Counterfeit JUUL Products from the marketplace.

*Third*, Juul has not publicized this motion or any of its underlying filings. Indeed, Juul filed all of the documents in this case under seal specifically with the purpose of maintaining the secrecy of this litigation and the relief requested until the Order to Show Cause has been fully executed.

*Fourth*, Juul's Opening Brief not only demonstrated a likelihood that the Counterfeit JUUL Products are counterfeits, Juul in fact showed that they *are* counterfeit. *See* Op. Br. at 16-20; Compl. at ¶ 36; Powers Decl. at ¶ 5. Even if it had not, the law presumes a likelihood of confusion in counterfeit situations such as this. *See* 15 U.S.C. § 1117(b)-(c) (2012); *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 685 (D.N.J. 2015) (noting that "*exact replicas*" of the protected marks "creates a great likelihood of confusion, and indeed makes such confusion inevitable.") (emphasis added).

*Fifth*, Juul and the public will suffer immediate and irreparable harm if the seizure is not ordered. Juul has already shown that the public is potentially being harmed as Defendants dupe the public into buying products that the public believes are authentic JUUL products. *See*

**FILED UNDER SEAL**

Engelke Decl. at ¶¶ 3-5. Moreover, Juul's products are all manufactured with, and go through extended quality control testing before shipping. Op. Br. at 5-6. These quality controls yield consistent user experience and taste. *Id.* at 6. The Counterfeit JUUL Products, on the other hand, are of unknown origin and dubious quality. *Id.* at 1. Juul has similarly shown that it is suffering immediate and irreparable harm to its reputation based on Defendants' knock-offs of the JUUL Products. Op. Br. at 20-21; *see also Louis Vuitton Malletier, S.A. v. Mosseri*, No. 07-2620, 2009 WL 3633882, at *5 (D.N.J. Oct. 28, 2009) (granting injunctive relief because the sale of counterfeit Louis Vuitton products "harms Plaintiff's business reputation and impairs the public interest in preventing consumer confusion and deception in the marketplace"). Accordingly, Juul's reputation and good will with consumers will likely be harmed if Defendants continue to sell the Counterfeit JUUL Products. Op. Br. at 16-19. Indeed, Juul's Opening Brief cited comments from the public already having negative experiences with the counterfeit products. *Id.* at 20-21.

*Sixth*, based on available information to date, Juul believes that the the Counterfeit JUUL Products are potentially stored in one of three locations: (1) 2608 Bergenline Ave., Union City, New Jersey 07087; (2) 2713 Bergenline Ave., Union City, New Jersey 07087; or (3) a to-be-identified U-haul or other storage and shipping vehicle operated by the named Defendants. The 2608 Bergenline Ave. location is the address listed in New Jersey records for Defendants Community Discount Store Inc. and Siam Discount Store LLC, the residence of Defendant Farhan Abusiam (Compl., ¶¶ 14-15, 18) as well as the return address listed by Defendant Huge Trunk. *Id.* at ¶ 35. The 2713 Bergenline Ave. location is the residence of Najeh Siam. *Id.* at ¶ 17. Currently, Juul's investigation of the HugeTrunk.com inventory suggests that it resides on an unidentified U-haul truck. Investigator Decl. at ¶ 16; Exhibits G and I to Investigator Decl.

**FILED UNDER SEAL**

*Seventh*, the harm to Juul far outweighs any potential harm to the Defendants. Any Defendant in possession of Counterfeit JUUL Products is not "harmed" by being relieved of these illicit products. Conversely, any Defendant who does not possess any Counterfeit JUUL Products will be unharmed. In contrast, if the Defendants are in fact selling and/or storing Counterfeit JUUL Products at the identified locations, then Juul suffers irreparable and devastating harm to its reputation each time the Defendants sell a fake version of Juul's legitimate (and high-quality) products.

*Eighth*, the facts show that Defendants will likely move the counterfeit products, if not destroy them or otherwise attempt to evade the Court's jurisdiction. In fact, Huge Trunk informed Juul's investigator that it has already moved the counterfeit payload to a mobile truck (Investigator Decl. at ¶ 16), rather than a brick-and-mortar location, rendering even easier Defendants' evasion of this Court's jurisdiction.

## CONCLUSION

For the reasons above, Juul is entitled to an *ex parte* order for seizure of the Defendants' illicit Counterfeit JUUL Products.

**FILED UNDER SEAL**

Date: June 8, 2018                    Respectfully submitted,

                                         /s/ Arnold B. Calmann
                                    Arnold B. Calmann (abc@saiber.com)
                                    Jakob B. Halpern (jbh@saiber.com)
                                    SAIBER LLC
                                    One Gateway Center
                                    10th Floor, Suite 1000
                                    Newark, New Jersey 07102
                                    Tel.: 973.622.3333
                                    Fax: 973.286.2465

                                    Dennies Varughese, Pharm.D.
                                    (dvarughe@sternekessler.com)
                                    Robert G. Sterne (rsterne@sternekessler.com)
                                    Monica Riva Talley (mtalley@sternekessler.com)
                                    Nirav N. Desai (ndesai@sternekessler.com)
                                    Jean Paul Y. Nagashima
                                    (ynagashima@sternekessler.com)
                                    Joshua I. Miller (jmiller@sternekessler.com)
                                    STERNE KESSLER GOLDSTEIN & FOX, PLLC
                                    1100 New York Ave., NW, Suite 600
                                    Washington, D.C. 20005
                                    Tel.: 202.371.2600
                                    Fax: 202.371.2540

                                    *Attorneys for Plaintiff*
                                    *Juul Labs, Inc.*