**Not for Publication**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUUL LABS, INC.,<br><br>       Plaintiff,<br><br>       v.<br><br>HUGETRUNK.COM,<br>LOVEANDTRUST, COMMUNITY DISCOUNT STORE INC.,<br>SIAM DISCOUNT STORE LLC,<br>FARHAN ABUSIAM,<br>NAJEH SIAM, HAMZA SIYAM,<br>SAMUEL SIAM,<br>and JOHN DOES 1 – 50,<br><br>       Defendants. | Civil Action No. 18-10281 (ES) (SCM)<br><br>ORDER<br><br>(filed under temporary seal) |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Plaintiff Juul Labs, Inc.'s ("Juul" or "Plaintiff") *ex parte* application for (i) a temporary asset restraint order and preliminary injunction against Defendants HugeTrunk.com, Loveandtrust, Community Discount Store Inc., Siam Discount Store LLC, Farhan Abusiam, Najeh Siam, Hamza Siyam, Samuel Siam, and John Does 1 – 50 (collectively, "Defendants"); (ii) an asset restraining order to be issued to PayPal, Inc. ("PayPal"); (iii) an order requiring Defendants to show cause why a preliminary injunction should not issue, and why the relief demanded in the Verified Complaint should not be granted (D.E. Nos. 1 & 3); and (iv) an *ex parte* seizure order, requested for the first time at the June 7, 2018 *ex parte* hearing (*see* June 7, 2018 Hearing Tr. and June 8, 2018 Supplemental Submissions); and the Court having carefully considered Juul's submissions in support of its requests; and the Court having conducted an *ex parte* hearing on June 7, 2018; and

1

it appearing that Juul has demonstrated that it is likely to succeed in showing that Defendants are selling counterfeit JUUL vaporizer, JUUL pods, and JUUL nicotine vaporizer Starter Kits ("Counterfeit Products") by operating the HugeTrunk.com website ("Infringing Website"); and that it will suffer irreparable harm to its reputation and goodwill due to the sales of the Counterfeit Products; and that granting preliminary relief will not result in even greater harm to Defendants; and that the public interest favors such relief; and

it further appearing that the allegations in the Verified Complaint are of a sufficiently emergent nature to justify the entry of this Order and that this application is properly addressed by an application for an order to show cause rather than by motion; and

it further appearing that given the nature of this case and the ease of money transfers into and out of Defendant Loveandtrust's PayPal account and any other financial accounts held by or created for the benefit of any Defendants, to prevent the potential that any funds in Defendant Loveandtrust's PayPal account will be withdrawn or transferred in the event service of the Verified Complaint and related motion papers is effected upon any Defendant, and to maintain the status quo relating thereto until resolution of this matter; and

it further appearing that service by email on Defendant Loveandtrust, which based upon the facts submitted to this Court maintains no fixed physical location, is appropriate in this situation; and

it further appearing that this Order, the Verified Complaint, and the Brief and Supplemental Brief, and supporting declarations (and exhibits attached thereto) contain confidential information, the sealing of which at this time is supported by Local Civil Rules 5.3(c)(3) and 5.3(c)(9), subject to a later sealing application pursuant to the provisions of these Rules; and

based upon the findings of fact and conclusions of law as reflected or otherwise set forth in Juul's submissions and at the June 7, 2018 hearing; and for other good cause shown,

IT IS on this 8th day of June 2018, at 9:33 p.m.,

**ORDERED** that, until further Order of this Court, Defendants, their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners, successors, assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, or control of Defendants, and all those persons aiding, abetting, or acting in concert or participation with Defendants having notice of this Order by personal service or otherwise, are immediately restrained and enjoined, jointly and severally, from:

1. directly or indirectly adopting or using any trademark, service mark, trade dress, or other type of mark, material, company, business or domain name, or other name, that would cause a likelihood of confusion with or otherwise infringe Juul's trademarks or trade dress;

2. manufacturing, shipping, delivering, holding for sale, advertising, marketing, promoting, displaying, transferring or otherwise moving, storing, distributing, renting, operating a website with, or otherwise disposing of, in any manner, any nicotine vaporizer pods, e-cigarette and/or related products in connection with the Juul trademarks or trade dress, or any mark, name, or trade dress confusingly similar to the Juul trademarks or trade dress;

3. infringing Juul's trademarks or trade dress from injuring and damaging Juul's goodwill;

4. doing any act or thing likely to confuse, mislead or deceive others into believing that Defendants and/or their products or services emanate from, or that Defendants themselves are connected with, sponsored by, endorsed by, approved by, or otherwise affiliated with Juul;

5. moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Counterfeit Products, Defendants' Infringing Website, and/or Defendants' assets and operations relating to the allegations in the Verified Complaint; and

      6.    removing, destroying or otherwise disposing of any computer files, electronic files, business records, documents relating to Defendants' Infringing Website, and/or Defendants' assets and operations relating to the allegations in the Verified Complaint; and it is further

**ORDERED** that Defendants HugeTrunk.com and Loveandtrust, their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners, successors, assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, or control of HugeTrunk.com and/or Loveandtrust, and any banks, savings and loan associations, payment processors or other financial institutions, including without limitation PayPal, or other merchant account providers, payment providers, or third party processors for either HugeTrunk.com and/or Loveandtrust, any of HugeTrunk.com's and/or Loveandtrust's operations, Infringing Website or for any other website owned or controlled by HugeTrunk.com and/or Loveandtrust, who receive actual notice of this Order, shall immediately locate all accounts connected to HugeTrunk.com and/or Loveandtrust or the Infringing Website and that such accounts shall be temporarily restrained and enjoined from transferring or disposing of any money or other of HugeTrunk.com's and/or Loveandtrust's assets, not allowing such funds to be transferred or withdrawn, and not allowing any refunds, charge-backs, or other diminutions to be made from such accounts pending further Order from this Court; and it is further

**ORDERED** that third-party PayPal shall, within five days after receipt of actual notice of this Order, provide Plaintiff's counsel copies of all documents and records in its possession or control relating to:

      1.    the identities and addresses of Defendants, their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners, successors, assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, or control of Defendants, and all those persons

    aiding, abetting, or acting in concert or participation with Defendants and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Infringing Website and Loveandtrust account;

2.  any website operated by any Defendant herein; and

3.  any financial account owned or controlled by Defendants, or any one of them, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including PayPal; and it is further

  **ORDERED** that each Defendant shall appear and show cause, on a date to be determined by the Court, why a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 restraining and enjoining Defendants, their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners, successors, assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, or control of Defendants, and all those persons aiding, abetting, or acting in concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise from doing any of the acts set forth above, and restraining and enjoining banks, savings and loan associations, payment processors or other financial institutions, including without limitation PayPal, or other merchant account providers, payment providers, third party processors, for HugeTrunk.com and/or Loveandtrust, any of HugeTrunk.com and/or Loveandtrust's operations, Infringing Website, or for any other website owned or controlled by HugeTrunk.com and/or Loveandtrust, who receive actual notice of this Order from doing any of the acts set forth above, should not be entered pending final disposition of this action; and it is further

  **ORDERED** that this matter, the docket therefore, and all individual filings in this matter shall be placed under seal until further order of this Court. Following the unsealing of the matter and docket, all individual filings until the unsealing of the matter shall remain sealed and each

5

party shall have fourteen days to publicly file copies of such materials, subject to the provisions of Local Civil Rule 5.3(c), including those permitting the redaction and sealing of confidential materials. Until each Defendant is served process and a Confidentiality Order is entered in the matter under Local Civil Rule 5.3(b), Juul shall be permitted to serve on any Defendant and/or third-party copies of its filed materials and any discovery materials in this matter redacted in a manner to protect any confidential or sensitive information; and it is further

**ORDERED** that sufficient cause having been shown, this Order, together with a copy of the Verified Complaint, and all other documents submitted in connection with Juul's emergent application, shall be served on Defendants HugeTrunk.com and Loveandtrust and shall be deemed effective without the need for a summons through service by email to hammysiyam263@outlook.com and Hamza.Siyam@outlook.com. This Order, together with a copy of the Verified Complaint, and all other documents submitted in connection with Juul's emergent application, shall be served on the remaining Defendants in accordance with the Federal Rules of Civil Procedure and this District's Local Civil Rules. Such service shall be attempted within one business day following Juul's receipt of written notice from PayPal that the freeze provisions of this Order have been complied with, and Juul shall provide a certification to the Court of its efforts to serve Defendants; and it is further

**ORDERED** that each Defendant's Answer or other response to the Verified Complaint, if any, shall be submitted at a date to be determined by the Court; and it is further

**ORDERED** that Defendants, their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners, successors, assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, or control of Defendants, and all those persons aiding, abetting, or acting in concert or participation

with Defendants who receive actual notice of this Order by personal service or otherwise, shall preserve and maintain all emails, other electronic information, documents, tangible evidence and other forms of information referring or in any way relating to the subject matter of this case, Juul's trademarks and trade dress, and any and all matters arising from and relating to the matters referenced in the Verified Complaint; and it further

**ORDERED** that, on or before June 15, 2018, Juul shall deposit with the Clerk of Court a check, along with this Order, in an amount of $10,000.00 as follows:

1. Juul shall deliver the check and a copy of this Order to: United States District Court for the District of New Jersey, 50 Walnut Street, Room 4015, Newark, New Jersey 07102, ATTN: Cashier.

2. Juul shall provide a courtesy copy of all papers filed with the Court as well as a copy of the check provided to the Cashier to this Court.

3. The Clerk of Court is hereby directed to place the funds deposited by Juul into an interest-bearing account and that no disbursement of the funds shall be made to any person or entity without prior notice to this Court and to counsel for all parties; and it is further

**ORDERED** that, Defendants shall submit an opposition to Juul's application no later than three business days following receipt of this Order; and Juul shall submit a reply in further support of its application no later than one business day from receipt of Defendants' opposition; and it is further

**ORDERED** that a status conference shall commence on June 15, 2018, at 10:30 a.m.; and it is further

**ORDERED** that Juul's request for expedited discovery will be addressed at a later date; and it is further

**ORDERED** that Juul's request for the extraordinary remedy of an *ex parte* seizure order under 15 U.S.C. § 1116(d)(1)(A) and N.J.S.A. 56:3-13.16(h)-(i) is DENIED *without prejudice*

7

8

for failing to set forth "specific facts" as required under 15 U.S.C. § 1116(d)(4), including §§ 1116(d)(4)(B)(i), (vii), *see Vuitton v. White*, 945 F.2d 569, 575 (3d Cir. 1991) and *Acushnet Co. v. Yoo*, No. 13-2632, 2013 WL 12100800, at *5 (S.D. Cal. Nov. 1, 2013).

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**