**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

November 19, 2018

**LETTER ORDER**

    Re:    *Juul Labs, Inc. v. Hugetrunk.com, et al.*
              **Civil Action No. 18-10281 (ES) (SCM)**

Dear Counsel:

    Before the Court is Juul Labs, Inc.'s ("Juul") November 16, 2018 *ex parte* application to extend for 14 days temporary restraints against Defendants HugeTrunk.com, Loveandtrust, Hamza Siyam, and John Does 1-50 (collectively "Remaining Defendants"), and third parties PayPal, Inc. and TD Bank, N.A.

    On June 8, 2018, this Court granted Plaintiff's Request for a temporary restraining order ("TRO"), which was expanded to include third-party Paypal, Inc. on June 18, 2018. (D.E. Nos. 7 & 10). Since then, Plaintiff has requested, and the Court has granted, extensions of the TRO every 14 days. (*See* D.E. Nos. 14, 16, 21, 23, 31, 34, 36, 41, 44, 46 & 47).

    On October 5, 2018, the Court held a status telephonic conference with the Parties. The Court informed the Parties that the matter had been pending for several months and that the Court would set a briefing schedule for the preliminary injunction. However, Plaintiff informed the Court that the Parties were engaged in informal discovery and represented that the Parties hoped to complete this discovery within the next two weeks, in the hopes of reaching an agreement soon after. Based on this information, the Court did not set a briefing schedule and then granted Plaintiff's October 5, 2018 requests to extend the TRO. (*See* D.E. Nos. 43 & 44).

    On October 19, 2018, Plaintiff filed another *ex-parte* application to extend the TRO. (D.E. No. 45). Plaintiff represented that the Parties were unable to complete the discovery and needed more time. (*Id.*). Plaintiff also represented that it had provided Remaining Defendants with a proposed consent order, but counsel for Remaining Defendants indicated that he needed to discuss the consent order with his clients. (*Id.*). The Court again granted the extension. (D.E. No. 46).

    On November 2, 2018, Plaintiff filed another *ex-parte* application to extend the TRO. This time Plaintiff informed the Court that the Parties "will be exchanging proposed settlement materials next week, and are hopeful they can resolve the matter *prior to the expiration of the requested Order*." On November 5, the Court granted the request. (D.E. No. 47). In addition to

granting the request, the Court specifically ORDERED the Parties "meet and confer and shall provide this Court with a proposed ***expedited*** briefing schedule for preliminary injunction by November 15, 2018." (*Id.* (emphasis in original)).  As of today, the Parties have not complied with this Order.

On November 16, 2018, Plaintiff filed yet another request to extend the TRO.  The letter indicates that the Parties have "reached an agreement in principle" but need more time to formalize it.  Like its prior requests, Plaintiff again explains how the Parties are "optimistic" of reaching a resolution soon.  This letter does not make any mention, at all, of why the Parties decided to ignore the Court's Order to submit a briefing schedule.

The Court will not tolerate non-compliance with its Orders.  In light of the forgoing, the Parties should be prepared to brief any application for preliminary injunction according to the following schedule:

- Moving brief due by **November 29, 2018**
- Opposition brief due by **December 7, 2018**
- Reply brief due by **December 11, 2018**
- Hearing: **December 18, 2018 at 1:00 p.m.**

Plaintiff shall serve a copy of this Letter Order on Remaining Defendants.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**