IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUUL LABS, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>HUGETRUNK.COM,<br>LOVEANDTRUST, COMMUNITY<br>DISCOUNT STORE INC.,<br>SIAM DISCOUNT STORE LLC,<br>FARHAN ABUSIAM,<br>NAJEH SIAM, HAMZA SIYAM,<br>SAMUEL SIAM,<br>and JOHN DOES 1 – 50,<br><br>                Defendants. | Civil Action No. 18-10281 (ES) (SCM)<br><br>**CONSENT ORDER GRANTING<br><u>PRELIMINARY INJUNCTION</u>**<br><br>**FILED UNDER SEAL**<br><br>*Document Filed Electronically* |

      **WHEREAS**, Defendants HugeTrunk.com, Loveandtrust, and Hamza Siyam ("HugeTrunk Defendants") distribute and sell disposable nicotine vaporizer pods and electronic nicotine delivery systems ("ENDS") under the name "JUUL" ("Accused Counterfeit JUUL Products");

      **WHEREAS**, Plaintiff Juul Labs, Inc. ("JLI") commenced this action by filing a Verified Complaint alleging, among other things, that the Accused Counterfeit JUUL Products are counterfeits of JLI's trademark and trade dress;

      **WHEREAS**, JLI moved for a temporary restraining order ("TRO") and preliminary injunction on June 7, 2018, and the Court granted the TRO on June 8, 2018, finding that JLI "has demonstrated that it is likely to succeed in showing that Defendants are selling counterfeit JUUL vaporizer, JUUL pods, and JUUL nicotine vaporizer Starter Kits," that JLI "will suffer irreparable harm to its reputation and goodwill due to the sales

1

of the Counterfeit Products," "that granting preliminary relief will not result in even greater harm to Defendants; and that the public interest favors [TRO] relief." June 8 Order to Show Cause. The Court's June 8 Order to Show Cause is incorporated by reference as if set forth in full herein;

**WHEREAS**, JLI has deposited a $10,000 security with the Court in accordance with the June 8, 2018 Order (*see* D.E. No. 8), and the Court having found that such amount was sufficient under Federal Rule of Civil Procedure 65(c);

**WHEREAS**, the Court's June 8 Order enjoined third-party Paypal and, on June 28, 2018, further enjoined third-party TD Bank from transferring funds derived from the Counterfeit Products;

**WHEREAS**, the Court has consecutively entered TRO orders prior to the expiration of the existing TRO, i.e., on June 22, July 6, July 19, August 2, August 15, August 28, September 11, September 25, 2018, October 9, 2018, October 22, 2018, November 5, 2018 and November 19, 2018, each of which extended the restraints from the Court's June 8 and June 28 orders, and the November 19, 2018 Order is still in effect;

**WHEREAS**, the Parties consent to the entry of a preliminary injunction against the HugeTrunk Defendants as described below; and

**WHEREAS**, the Parties, by and through their respective undersigned counsel, each hereby agree to the entry of this Preliminary Injunction, including all related relief herein according to the following terms.

**THEREFORE, IT IS** on this 3rd day of December, 2018,

**ORDERED** as follows:

A.   That, until further Order of this Court, the HugeTrunk Defendants, their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners,

2

successors, assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, or control of the HugeTrunk Defendants, and all those persons aiding, abetting, or acting in concert or participation with the HugeTrunk Defendants having notice of this Order by personal service or otherwise, are immediately restrained and enjoined, jointly and severally, from:

1. Directly or indirectly adopting or using any trademark, service mark, trade dress, or other type of mark, material, company, business or domain name, or other name, that would cause a likelihood of confusion with or otherwise infringe JLI's trademarks or trade dress;

2. Manufacturing, shipping, delivering, holding for sale, advertising, marketing, promoting, displaying, transferring or otherwise moving, storing, distributing, renting, operating a website with, or otherwise disposing of, in any manner, any nicotine vaporizer pods, e-cigarette and/or related products in connection with the JUUL trademarks or trade dress, or any mark, name, or trade dress confusingly similar to the JUUL trademarks or trade dress;

3. Infringing JLI's trademarks or trade dress, or injuring and damaging JLI's goodwill;

4. Doing any act or thing likely to confuse, mislead or deceive others into believing that the HugeTrunk Defendants and/or their products or services emanate from, or that the HugeTrunk Defendants themselves are connected with, sponsored by, endorsed by, approved by, or otherwise affiliated with JLI;

5. Moving, destroying, or otherwise disposing of any items, merchandise, or documents relating to the Counterfeit Products, the HugeTrunk.com website (the "Infringing Website"), and/or the HugeTrunk Defendants' assets and operations relating to the allegations in the Verified Complaint; and

6. Removing, destroying or otherwise disposing of any computer files, electronic files, business records, documents relating to the Infringing Website, and/or the HugeTrunk Defendants' assets and operations relating to the allegations in the Verified Complaint;

B. That Defendants HugeTrunk.com and Loveandtrust, their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners, successors,

assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, or control of HugeTrunk.com and/or Loveandtrust, and any banks, savings and loan associations, payment processors or other financial institutions, including without limitation PayPal, TD Bank, or other merchant account providers, payment providers, or third party processors for either HugeTrunk.com and/or Loveandtrust, any of HugeTrunk.com's and/or Loveandtrust's operations, the Infringing Website or for any other website owned or controlled by HugeTrunk.com and/or Loveandtrust, who receive actual notice of this Order, shall immediately locate all accounts connected to HugeTrunk.com and/or Loveandtrust or the Infringing Website and that such accounts shall be immediately restrained and enjoined from transferring or disposing of any money or other of HugeTrunk.com's and/or Loveandtrust's assets, not allowing such funds to be transferred or withdrawn, and not allowing any refunds, charge-backs, or other diminutions to be made from such accounts pending further Order from this Court;

    D.  That the temporary asset restraints issued against Defendant Loveandtrust's PayPal account, No. 12495293004115254455, pursuant to the Court's June 8 Order, and the related TD Bank checking account, No. 4332579692, pursuant to the Court's June 18 Order, shall remain in place until further Order of this Court;

    E.  That the HugeTrunk Defendants, their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners, successors, assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, or control of the HugeTrunk Defendants, and all those persons aiding, abetting, or acting in concert or participation with the HugeTrunk

Defendants who receive actual notice of the Order by personal service or otherwise, shall preserve and maintain all emails, other electronic information, documents, tangible evidence and other forms of information referring or in any way relating to the subject matter of this case, JLI's trademarks and trade dress, and any and all matters arising from and relating to the matters referenced in the Verified Complaint;

F.  The HugeTrunk Defendants, pursuant to 15 U.S.C. § 1116(a), shall file with the Court and serve upon JLI, within thirty (30) days of the entry of this Preliminary Injunction, a report in writing under oath setting forth in detail the form and manner in which they have complied with the Preliminary Injunction and all other terms set forth herein; and

G.  That the Clerk of Court shall continue to maintain the $10,000 security previously deposited by JLI, in an interest-bearing account and no disbursement of funds shall be made to any person or entity without prior notice to this Court and to counsel for all parties.

_____
HONORABLE ESTHER SALAS
UNITED STATES DISTRICT JUDGE